**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1507-16T2

QUENTIN COOPER,

    Plaintiff-Respondent,

v.

ELIAS BALADI, individually
and t/a E&S Auto,

    Defendant-Appellant.

_____

Submitted May 1, 2018 — Decided August 7, 2018

Before Judges Sumners and Natali.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Docket No. L-
10034-14.

Elias Baladi, appellant pro se.

The Wolf Law Firm, LLC, attorneys for
respondent (Matthew S. Oorbeek, on the brief).

PER CURIAM

    This appeal comes to us following a bench trial and a post-trial application before Judge James J. DeLuca that resulted in a judgment in favor of plaintiff, arising from the purchase of a used vehicle from defendant, for treble damages of $28,235.44,

plus attorney's fees and costs of $28,903.50, for violations of the New Jersey Used Vehicle Lemon Law (Lemon Law), N.J.S.A. 56:8-67 to -80, the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, and the New Jersey Truth In Consumer Contract Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18. Because we conclude that the judge's rulings were supported by credible evidence and a proper application of the law, we affirm substantially for the reasons he stated in his oral opinion on August 5, 2016, and his written decision dated November 2, 2016.

In his merits brief,[1] defendant contends Judge DeLuca made incorrect factual findings and misapplied the law. Specifically, he argues that he did not violate the Lemon Law because plaintiff failed to allow him to repair the vehicle. He further argues that he did not violate the CFA because plaintiff, an "experienced mechanic," waived his rights under the Lemon Law by negotiating the vehicle's purchase price. We disagree.

It is long settled that we do "not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible

---

[1] We note that defendant did not comply with Rule 2:6-2(a)(5) by citing to the transcript in his statement of facts. However, we are able to discern the substance of his contentions, which are minimal.

evidence as to offend the interests of justice." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (citation omitted). Thus, our review "does not consist of weighing evidence anew and making independent factual findings; rather, our function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citation omitted). We owe particular deference to the judge's evaluation of witness credibility, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and thus review the judge's evidentiary rulings for abuse of discretion, Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 374 (2010). However, we owe no deference to the judge's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, Ltd. P'ship v. Twp. Comm., 140 N.J. 366, 378 (1995) (citations omitted). We review such decisions de novo. 30 River Court E. Urban Renewal Co. v. Capograsso, 383 N.J. Super. 470, 476 (App. Div. 2006) (citation omitted).

During the half-day trial, plaintiff, defendant, and the operator of E&S Auto Sales Repairs, testified, revealing the following. For $10,420, defendant sold plaintiff a six-year old Lincoln MKZ with 84,100 miles and an expired manufacturer's

warranty. In the retail order for the vehicle, defendant checked the box titled "Vehicle Sold As Is," above the statement:

> THIS VEHICLE IS SOLD "AS IS", AND THE SELLING DEALER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. ANY LIABILITY IN THE SELLING DEALER WITH RESPECT TO THE DEFECTS OR MALFUNCTIONS OF THIS VEHICLE INCLUDING, WITHOUT LIMITATION THOSE WHICH PERTAIN TO THE PERFORMANCE OR SAFETY WHETHER BY WAY OF "STRICT LIABILITY" BASED UPON THE SELLING DEALER'S NEGLIGENCE, OR OTHERWISE, IS EXPRESSLY EXCLUDED, AND PURCHASER HEREBY ASSUMES ANY SUCH RISKS.

Right below that box was another box, which defendant also checked, titled "Waiver of Dealer Obligations" above a statement identical to the "Vehicle Sold As Is" provision. Plaintiff, however, did receive a warranty service contract covering the vehicle, which entitled him to a maximum reimbursement of up to $2000 less a $100 deductible per authorized repair.

Three days after the purchase, plaintiff noticed a smell coming from the vehicle, so he took the vehicle to defendant's mechanic at DMS Auto Repairs as directed by defendant. Plaintiff testified that the mechanic stated the car's power transfer unit had "blown seals." Plaintiff declined the offer to leave the

vehicle with the mechanic because there was a disagreement over who would pay for the repairs.[2]

Twenty-nine days after the purchase, defendant received a letter from plaintiff stating that the vehicle was deficient — a material defect of the power train/transfer case — and referencing the Lemon Law, demanded that defendant make repairs at no cost other than the $50 deductible stated in the warranty service contract, or alternatively, take the vehicle back and refund him the purchase price minus sales tax, title and registration fees, and a reasonable allowance for the vehicle's use. Plaintiff further advised defendant that the vehicle was available to him for whatever option defendant chose. Defendant testified that he did not respond to the letter because under the warranty service contract plaintiff was obligated to contact a third party to make the repairs.

In his reserved oral decision, Judge DeLuca determined that under N.J.S.A. 56:8-69,

> it shall be an unlawful practice for a dealer to sell a used motor vehicle [with 60,000 miles or more] to a consumer without giving the consumer a written warranty which shall have at least . . . [a minimum warranty of] 30 days or 1,000 miles, whichever comes first, except that a consumer may waive the right to

---

[2]  In addition, plaintiff obtained a second opinion from a Ford Lincoln Mercury dealership estimating repair costs of $2298.

> a warranty as provided for in N.J.S.A. 56:8-73.

The judge further stated that under N.J.S.A. 56:8-73,

> the waiver of a warranty shall be in writing and separately stated in the agreement of retail sale or in an attachment thereto, and shall be separately signed by the consumer. The waiver shall state that the dealer's obligation to provide a warranty on used motor vehicles, and shall indicate that the consumer having negotiated the purchase price of the used motor vehicle obtained a price adjustment, and is electing to waive the dealer's obligation to provide the warranty, and is buying the vehicle as is.

The judge found that since defendant did not comply with these requirements, he violated the Lemon Law. Hence, defendant was obligated to provide plaintiff's vehicle with a limited warranty under N.J.S.A. 56:8-69. The judge rejected defendant's assertion that plaintiff's refusal of his mechanic's offer to repair the vehicle satisfied the limited warranty requirements of N.J.S.A. 56:8-69. The judge reasoned that since defendant refused to comply with plaintiff's demand letter, defendant violated his obligations under the statute. Consequently, the judge determined plaintiff's compensatory damages were $9,378.48,[3] which were

---

[3] The vehicle purchase price of $10,420 minus $225 for sale tax, $665 for registration fees, and $121.52 for a reasonable allowance for the 217 miles that plaintiff drove the vehicle.

trebled under the CFA to $28,135.44. He further added $100 for statutory damages under the TCCWNA.

After defendant was found liable for damages under the Lemon Law, CFA, and TCCWNA, plaintiff made an application for attorney's fees and costs under the latter two statutes. After argument, the judge rendered a written decision in which he declined plaintiff's attorney's fees demand of $45,256, but allowed fees of $27,559, plus costs of $1,344.50, for a total of $28,903.50. Final judgment was entered in the total amount of $57,138.94.

After reviewing the record, we conclude there is no basis to disturb Judge DeLuca's factual findings. Based on the facts as he found them to be, his legal conclusions on the issues of liability and damages are unassailable.[4] We further conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We do not address the reasoning behind the fees award because, despite defendant's Notice of Appeal stating that he is challenging the final judgment, he fails to present any argument contesting the award. See Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 2:6-2 (2018); see also Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").